


Case 3:09-cv-00081-SWW   Document 7   Filed 07/10/09   Page 1 of 4

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | |
|---|---|
| CATHY BURKHART, | * |
| Plaintiff, | * |
| vs. | * No. 3:09cv00081 SWW |
| AMERICAN RAILCAR INDUSTRIES, INC., | * |
| Defendant. | * |

ORDER

On December 26, 2007, Cathy Burkhart (Burkhart), filed a case of alleged employment discrimination against American Railcar Industries, Inc. (ARI) seeking damages for sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq*., and the Arkansas Civil Rights Act of 1993 ("ACRA"), Ark. Code Ann. §§ 16-123-101 *et seq*. Burkhart also asserted a state law tort of outrage claim. The case was styled *Burkhart v. American Railcar Industries, Inc.*, No. 3:07cv00199. Jurisdiction over Burkhart's federal claims was asserted pursuant to 42 U.S.C. § 2000e-5, *i.e*., federal question jurisdiction, and supplemental jurisdiction over Burkhart's state-law claims was asserted pursuant to 28 U.S.C. § 1367.

On February 20, 2009, ARI filed a motion for summary judgment. By Memorandum and Order entered April 28, 2009 [doc.#33], the Court granted ARI's motion for summary judgment

as to Burkhart's federal claims. As for Burkhart's state law ACRA and tort of outrage claims, the Court noted that the Eighth Circuit has held that when federal and state claims are joined and the federal claims are dismissed on a motion for summary judgment, the supplemental state claims are ordinarily dismissed without prejudice to avoid needless decisions of state law as a matter of comity. *American Civil Liberties Union v. City of Florissant*, 186 F.3d 1095, 1098-99 (8th Cir. 1999) (quoting *Birchem v. Knights of Columbus*, 116 F.3d 310, 314 (8th Cir. 1997)). *See also Figg v. Russell*, 433 F.3d 593, 600 (8th Cir. 2006) (noting that when court dismissed federal 42 U.S.C. § 1983 action, it should have exercised its discretion to dismiss state-law claims without prejudice, leaving it to plaintiff to determine whether to reassert them in state court); *Johnson v City of Shorewood, Minn.*, 360 F.3d 810, 819 (8th Cir. 2004) (district court has discretion to decline supplemental jurisdiction where it has dismissed all original jurisdiction claims). Accordingly, the Court dismissed plaintiff's state law ACRA and tort of outrage claims without prejudice. Judgment was entered that same day. Burkhart has appealed this Court's Memorandum and Order and Judgment to the United States Court of Appeals for the Eighth Circuit and that appeal, *Burkhart v. American Railcar Industries, Inc.*, No: 09-2077, is currently pending.

Following this Court's Memorandum and Order, Burkhart refiled, in identical fashion, her ACRA and tort of outrage claims in state court. In Paragraphs 31 and 37 of her state court complaint, Burkhart asserts for some reason that "[a]s a direct result of ARI's actions, [she] has suffered damages in excess of that required for federal diversity jurisdiction." ARI answered Burkhart's complaint, specifically denying that Burkhart has suffered damages in excess of that

required for federal diversity jurisdiction. Answer at ¶¶ 31, 37.[1] ARI further asserts as an affirmative defense that "[w]ithout admitting that the plaintiff is entitled to damages, the defendant states that the plaintiff has failed to state a specified demand amount of money as damages; therefore pursuant to Ark.R.Civ.P. 8(a), any recovery obtained by the plaintiff must be limited to less than $75,000." *Id*. at ¶ 45. However, on June 1, 2009, ARI removed Burkhart's newly-filed state-court action to this Court, styled *Burkhart v. American Railcar Industries, Inc.*, No. 3:09cv0081, and, in direct contradiction of its Answer, asserted in its Notice of Removal that "[d]iversity of citizenship exists between plaintiff and ARI, and the amount in controversy exceeds $75,000, exclusive of interest and costs."[2]

Given the conflicting assertions of the parties concerning the amount in controversy, the Court directs that within fourteen (14) days of the date of this Order, Burkhart and ARI each file a pleading addressing the issue of whether this Court has jurisdiction over Burkhart's state court complaint that was removed to this Court on the basis of diversity jurisdiction. The Court additionally directs that the parties address in their pleading whether ARI's Notice of Removal improperly circumvented this Court's Memorandum and Order and/or Eighth Circuit case law, as set forth above, providing for dismissal of supplemental state claims when joined federal claims are dismissed on a motion for summary judgment to avoid needless decisions of state law as a

---

[1] ARI similarly denied in Case No. 3:07cv00199 that Burkhart suffered damages in excess of that required for federal diversity jurisdiction, although that case was based on federal question jurisdiction.

[2] ARI also filed a Notice of Related Case, noting that the parties and the facts alleged in the complaint filed in state court are identical to the parties and facts alleged in the case previously filed in this Court, the only difference in the two cases being that the plaintiff has filed claims for relief under Arkansas law.

matter of comity.[3]

IT IS SO ORDERED this 10th day of July 2009.

/s/Susan Webber Wright
UNITED STATES DISTRICT JUDGE

---

[3] ARI's Notice of Removal would seemingly create the potential for a piecemeal appeal with Case No. 3:07cv00199 if one of the parties appeals any adverse decision by this Court. It goes without saying that piecemeal appeals are not favored by the Eighth Circuit. *See, e.g., McAdams v. McCord*, 533 F.3d 924, 928 (8th Cir. 2008) ("Judicial economy will be best preserved by delaying appeal until all issues can be confronted by this court in a unified package. Such a course is particularly desirable where ... the adjudicated and pending claims are closely related and stem from essentially the same factual allegations"). And this Court similarly seeks to avoid its cases being involved in a game of judicial ping-pong between state and federal courts.